Electronically Filed - Greene - April 17, 2025 - 11:40 AM

IN THE CIRCUIT COURT OF THE COUNTY OF GREENE
STATE OF MISSOURI

| | |
|---|---|
| GEN-U-TECH, LLC, a Missouri limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ACE FIRE UNDERWRITERS INSURANCE COMPANY | ) ) ) |
| Serve at: c/o Director of Insurance Department of Commerce and Ins. Truman State Office Building 301 W. High Street, Room 630 Jefferson City, Missouri 65101 | ) Cause No.: ) ) ) ) ) ) |
| Defendant. | ) |

## PETITION FOR BREACH OF INSURANCE CONTRACT AND VEXATIOUS REFUSAL TO PAY

COMES NOW Plaintiff Gen-U-Tech, LLC ("Plaintiff"), by counsel, and states as follows:

### Parties

1.      Plaintiff Gen-U-Tech, LLC ("Plaintiff") is a Missouri limited liability company.

2.      Defendant Ace Fire Underwriters Insurance Company ("Defendant") is an insurance company regulated by the Missouri Division of Insurance. Defendant is registered to do business in the State of Missouri with the Missouri Secretary of State and the Missouri Division of Insurance, most recently filing registrations with the Missouri Secretary of State in 2025.

3.      As explained herein, Defendant has specifically availed itself of the benefits of transacting business in Missouri by, among other things, selling insurance policies in Missouri or covering insureds and risks located in Missouri, and the cause of action here arises from or relates to the sale of such policies to Plaintiff.

4. The Missouri long-arm statute is satisfied with regard to Defendant because, among other things, the cause of action against Defendant arises from the transacting of business in Missouri and/or the making of contracts within Missouri and/or the contracting to insure persons and/or risks that were located in Missouri at the time of contracting, and Defendant has the requisite minimum contacts with Missouri in light of the surrounding circumstances of the case so as not to offend constitutional due process.

## Jurisdiction and Venue

5. This Court has personal jurisdiction over Defendant because the underlying insurance policy was executed within Missouri, Defendant, directly or indirectly, solicits insurance contracts in Missouri, and Defendant transacts business within Missouri.

6. This Court has subject matter jurisdiction because this is a civil case under Article V, section 14 of the Missouri Constitution.

7. There is no count in this Petition asserting a tort. Accordingly, venue is proper in Greene County under Section 508.010.2(4), RSMo. Defendant transacts business in Greene County and insures risks in Greene County. As more fully explained below, the insured real estate was located in Greene County.

## Facts Common to All Counts

8. Plaintiff owns real property at or near 215 N. Grant Avenue in Springfield, Missouri 65806 ("215 N. Grant").

9. On or about February 5, 2020, Plaintiff purchased an insurance policy relating to 215 N. Grant in Springfield, Missouri. A true and correct copy of this insurance policy is attached as Exhibit 1. Exhibit 1 was in effect for one (1) year. Plaintiff accepted the insurance policy in Exhibit 1 in Missouri.

2

Electronically Filed - Greene - April 17, 2025 - 11:40 AM

10. Plaintiff renewed the insurance policy in February 2021. Therefore, Exhibit 1 continued in effect from approximately February 5, 2021 to February 5, 2022.

11. On June 7, 2021, a "loss" and/or "injury," as defined under Exhibit 1, occurred with respect to 215 N. Grant.

12. More specifically, multiple pipes burst, causing water damage throughout 215 N. Grant. Not only did this cause significant property damage, but it also resulted in actual or potential lost income. Further, mold has resulted from the water damage.

13. As a direct and proximate cause of this pipe burst and flooding, Plaintiff experienced losses of approximately $49,547.56. This includes, but is not limited to, out of pocket costs paid to contractors and hard costs to remediate and repair the damage caused from the flooding.

14. Moreover, Plaintiff experienced additional losses of approximately $27,581.72 in the form of lost rent from June 2021 to December 2021 because 215 N. Grant was not capable of being leased or rent from the flooding.

15. Plaintiff made an insurance claim with Defendant. Defendant, however, denied the insurance claim for several specious and/or false reasons. During its purported investigation, Defendant made numerous spurious suggestions, including that Plaintiff somehow intentionally damaged the pipes to make a false insurance claim. These were false suggestions designed to deter Plaintiff from pursuing the claim.

16. All of the reasons Defendant denied the claim – including occupancy, timeliness, and misrepresentation – are false and pretextual. Defendant simply denied the claim to hold the sums of money that should rightfully be paid to Plaintiff so that Defendant could otherwise generate income from those funds.

17.     Plaintiff requests its reasonable attorney fees and taxable court costs in connection with this Petition.

**COUNT I – BREACH OF INSURANCE CONTRACT AGAINST DEFENDANT**

18.     Plaintiff incorporates the prior paragraphs of this Petition as if fully set forth herein.

19.     Plaintiff was the insured under Exhibit 1.

20.     Plaintiff complied with all of its responsibilities under Exhibit 1, including but not limited to the payment of all insurance premiums. Plaintiff further cooperated with the insurance investigation by providing numerous statements under oath and voluntarily providing numerous witness names and documents relating to the loss.

21.     On or about June 7, 2021, a covered loss occurred on 215 N. Grant. Namely, a pipe burst and caused significant property damage, and such loss was protected by Exhibit 1.

22.     There was no legitimate reason to deny the claim based on timeliness, lack of occupancy, and/or misrepresentation.

23.     To the contrary, 215 N. Grant was occupied at the time of the loss, had been fully winterized, had active utilities, and all of the information necessary to evaluate the loss was adequately presented to Defendant.

24.     Exhibit 1 was a contract between Plaintiff and Defendant. The contract in Exhibit 1was entered into in Missouri and involved insuring Missouri real estate.

25.     Defendant breached Exhibit 1 by failing to pay for the damage to 215 N. Grant caused by the flooding in June 2021.

25.     There was at least approximately $77,129.28 in damages and losses. Defendant, though, has refused to pay anything and thus breached the contract.

26.     Plaintiff has been damaged in at least the following ways: water damage, contractor costs, material costs, and lost rent.

4

27. These damages are in excess of $25,000.

WHEREFORE, Plaintiff requests that the Court grant the foregoing; for damages in excess of $25,000 against Defendant; for Plaintiff's reasonable attorney fees and court costs; that the Court find liable Defendant for breach of contract; and for any other further or additional relief this Court deems just and proper.

### COUNT II – VEXATIOUS REFUSAL TO PAY AGAINST DEFENDANT

28. Plaintiff incorporates the prior paragraphs of this Petition as if fully set forth herein.

29. This claim is brought pursuant to Sections 375.296, 375.240, and/or other applicable law.

30. Plaintiff has made demand upon Defendant for insurance benefits under Exhibit 1.

31. Defendant has denied the claim.

32. The actions of Defendant in denying the claim are without reasonable cause or excuse. This, it is a vexatious refusal to pay and warrants the imposition of additional damages, including all available statutory penalties (eg, 10% or more) and attorney fees.

WHEREFORE, Plaintiff requests that the Court grant the foregoing; that the Court sustain Count II in favor of Plaintiff; for attorney fees and statutory penalties; for damages in excess of $25,000; and for any other further or additional relief this Court deems just and proper.

Respectfully submitted,

THE ELSTER LAW OFFICE, LLC

/s/ Henry P. Elster
Henry P. Elster, #62875
7800 Forsyth Blvd, Fifth Floor
Saint Louis, Missouri 63105
(Telephone) (314) 727-0868
(E-mail) henry@elsterlaw.com
**Attorney for Plaintiff**

5