IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEN-U-TECH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:25-CV-03198-MDH |
| | ) | |
| ACE FIRE UNDERWRITERS INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Count II for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc.3). Plaintiff has filed suggestions in opposition (Doc. 10) and Defendant did not file reply suggestions, thus the motion is now ripe for adjudication. For reasons herein, Defendant's Motion is **DENIED**.

## BACKGROUND

This case arises out of a dispute about an insurance policy purchased for property at 215 N. Grant Avenue in Springfield, MO that Plaintiff owns. Plaintiff purchased the insurance policy in 2020 and renewed it in February of 2021. The policy was effective until February 5, 2022. On June 7, 2021, a loss/injury occurred. Multiple pipes burst, causing water damage throughout 215 N. Grant. This caused property damage and resulted in actual or potential lost income. Further, mold resulted from the water damage. Plaintiff experienced losses in out-of-pocket costs paid to contractors and costs to remediate and repair the damage caused from the flooding. Plaintiff experienced additional losses in the form of lost rent from June 2021 to December 2021 because 215 N. Grant was not capable of being leased or rented from the flooding. Plaintiff made an

1

insurance claim with Defendant. Defendant denied the claim. Plaintiff alleges that Defendant denied the claim for several specious and/or false reasons. Plaintiff alleges that during Defendant's purported investigation, Defendant made numerous spurious suggestions, including that Plaintiff intentionally damaged the pipes to make a false insurance claim and that the suggestions were false, designed to deter Plaintiff from pursuing the claim. Defendant denied the claim citing occupancy, timeliness, and misrepresentation as reasons. Plaintiff alleges these reasons are false and pretextual. Plaintiff then initiated this lawsuit claiming 1) breach of insurance contract and 2) vexatious refusal to pay pursuant to Sections 375.296, 375.240, and/or other applicable law. Defendant argues that Plaintiff's petition does not allege any facts that, if proven to be true, would support a finding that Defendant refused to pay its claim without reasonable cause or excuse and that Plaintiff's Petition does not adequately set forth facts that, if proven, would state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

Defendants argue Count II of Plaintiff's claim should be dismissed because under *Twombly*, Plaintiff did not adequately set forth facts that, if proven, would state a claim upon which relief could be granted.

Missouri law applies in this diversity action. *Kunferman v. Ford Motor Co.*, 112 F.3d 962, 965 (8th Cir. 1997). There are three elements for a vexatious refusal to pay claim: (1) plaintiff having an insurance policy with defendant, (2) the defendant insurer's refusal to pay, and (3) that the refusal was without reasonable cause or excuse. *Jameson v. State Farm Mut. Auto Ins. Co.*, 871 F. Supp. 2d 862, 869 (W.D. Mo. 2012) (citing *Dhyne v. State Farm Fire and Cas. Co.*, 188 S.W.3d 454, 457 (Mo. banc 2006); R.S.Mo.§ 375.420.

Plaintiff has asserted that it has an insurance policy with Defendant and that Defendant refused a claim. Compl. ¶¶ 9-11, 19, 25. In alleging that denial was "without reasonable cause or excuse," Plaintiff gives the following as factual support:

- Defendant, however, denied the insurance claim for several specious and/or false reasons. During its purported investigation, Defendant made numerous spurious suggestions, including that Plaintiff somehow intentionally damaged the pipes to make a false insurance claim. These were false suggestions designed to deter Plaintiff from pursuing the claim. *Id.* at ¶ 15.

- All of the reasons Defendant denied the claim – including occupancy, timeliness, and misrepresentation – are false and pretextual. Defendant simply denied the claim to hold the

3

- sums of money that should rightfully be paid to Plaintiff so that Defendant could otherwise generate income from those funds. *Id*. at ¶ 16.
- Plaintiff further cooperated with the insurance investigation by providing numerous statements under oath and voluntarily providing numerous witness names and documents relating to the loss. *Id*. at ¶ 20.
- There was no legitimate reason to deny the claim based on timeliness, lack of occupancy, and/or misrepresentation. *Id*. at ¶ 22.
- To the contrary, 215 N. Grant was occupied at the time of the loss, had been fully winterized, had active utilities, and all of the information necessary to evaluate the loss was adequately presented to Defendant. *Id*. at ¶ 23.

Stating that Defendant's refusal was "false" and without reasonable cause or excuse is a legal conclusion that will not be accepted as true for the purposes of the motion to dismiss. However, Plaintiff does allege facts, that if accepted as true, are sufficient to allow this Court to draw an inference that Defendant is liable for vexatious refusal. For purposes of resolving the motion to dismiss, the Court accepts as true Plaintiff's factual allegation that Defendant "denied the claim [citing] lack of occupancy, timeliness and/or misrepresentation;" that Defendant suggested Plaintiff "intentionally damaged the pipes to make a false insurance claim;" that "Plaintiff cooperated with the insurance investigation by providing numerous statements under oath and voluntarily providing numerous witness names and documents relating to the loss;" and, that "215 N. Grant was occupied at the time of the loss, had been fully winterized, had active utilities, and all of the information necessary to evaluate the loss was adequately presented to Defendant." These factual allegations are more than threadbare recitals of the elements of a cause of action. Accepting these factual allegations as true, viewing them in a light most favorable to

Plaintiff and drawing all reasonable inferences in favor of the nonmoving party, Plaintiff has alleged sufficient factual content to allow this Court to draw an inference that Defendant's refusal was without reasonable cause/excuse. *See Jameson*, 871 F. Supp. 2d 862, 869 (Allegations of an improper investigation, failure to conduct a medical examination, failure to investigate injuries, and purposely "low" offers are sufficient to support the third element). Defendant's Motion to Dismiss Count II is **DENIED**.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss Count II is **DENIED**.

**IT IS SO ORDERED**.
DATED: September 4, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**